# EXHIBIT A

# EXHIBIT A
### (Complaint)

Electronically Filed
2/9/2021 12:14 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
LAW OFFICE OF JAMES J. REAM
JAMES J. REAM, ESQ.
Nevada Bar #3573
333 N. Rancho, #530
Las Vegas, Nevada 89106
Telephone (702) 631-0031
Facsimile (702) 631-5480
Jim@reamlaw.net
*Attorney for Plaintiff*

CASE NO: A-21-829139-C
Department 14

DISTRICT COURT
CLARK COUNTY, NEVADA
* * *

JULIA GOKCEKIAN, SPECIAL ADMINISTRATOR OF THE ESTATE OF OLGA GALA,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION; DOE COSTCO EMPLOYEES I through X; ROE CORPORATIONS I through X; and DOE EMPLOYEES I through X inclusive,

Defendant.

CASE NO.
DEPT. NO.

**COMPLAINT**

Plaintiff, JULIA GOKCEKIAN, SPECIAL ADMINISTRATOR OF THE ESTATE OF OLGA GALA (hereinafter "Plaintiff"), by and through her attorney, JAMES J. REAM, ESQ., of the LAW OFFICES OF JAMES J. REAM, hereby complains and alleges as follows:

1. Plaintiff GALA, at all times relevant to the allegations contained in this Complaint, was a resident of Clark County, State of Nevada.

2. Due to the untimely death of Plaintiff Olga Gala, JULIA GOKCEKIAN, SPECIAL ADMINISTRATOR OF THE ESTAE OF OLGA GALA is appearing in the instant case as a Plaintiff in the stead of Olga Gala.

3. Upon information and belief, at all times relevant to this action, Defendant COSTCO WHOLESALE CORPORATION, hereinafter Defendant COSTCO, is and was a corporation organized and existing pursuant to the laws of the State of Nevada, County of Clark.

4. Upon information and belief, at all times relevant to this action Defendants DOE COSTCO EMPLOYEES I-X were employees of Defendant COSTCO, were Nevada residents, were acting within the course and scope of their employment, and were negligent by failing to implement and/or enforce safety rules and protocols, failing to adequately train, maintain, and/or supervise employees and/or contractors, failing to warn of the hazard described herein, in creating the hazard described herein, or in failing to rectify the hazard described herein after having actual or constructive notice of the same.

5. Upon information and belief Defendants ROE COMPANIES I-X are business entities that had a duty to maintain a safe premise, to warn customers of hazards, and to rectify hazards where the injury took place, and failed to do so.

6. Upon further information and belief, Defendants ROE COMPANIES I-X employed some or all of the other Defendants, and were negligent in the hiring, training, and maintenance of the other Defendants.

7. That the true names or capacities of Defendants DOE COSTCO EMPLOYEES I-X, DOE COSTCO MANAGERS I-X, and ROE COMPANIES I-X, inclusive, are unknown to Plaintiff, who, therefore sues said Defendants by such fictitious names. Defendants designated herein as ROE COMPANIES I-X, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of any and/or all Defendants named herein; and/or are entities responsible for the supervision of the individual, names Defendants at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Plaintiff is informed and, on that basis believes and thereon allege, that each of the Defendants designated as a DOE or a ROE is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages to Plaintiff as herein

alleged. Plaintiff will seek leave of court to amend this complaint to insert the true names of such Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein and incorporates the same herein by reference.

9. On or about September 6, 2019, Plaintiff GALA was a customer on the premises of a COSTCO location, located at or near 801 S. Pavilion Center Dr, Las Vegas, Nevada 89144.

10. As Plaintiff GALA was walking around the store, around the flower area, water on the floor caused her to slip and fall.

11. The water on the walking surface caused Plaintiff GALA to slip and injure her right hand, right knee, hip, and lower back.

12. There was no adequate verbal or written warning of any slipping hazard where Plaintiff GALA fell.

13. As a result of this incident, Plaintiff GALA sustained serious personal injuries.

## FIRST CLAIM OF RELIEF
(Negligence as to all Defendants)

14. Plaintiff repeats and realleges the allegations as contained in the preceding paragraphs herein and incorporates the same herein by reference.

15. Defendants owed a duty to Plaintiff GALA and to the general public, customers, and invitees, who include Plaintiff GALA, to keep its premises free from dangerous conditions, to warn customers of dangerous conditions, and to rectify dangerous conditions.

16. Defendants caused, knew of, should have known of, and/or had a non-delegable duty to prevent and protect against the dangerous condition on the premises.

17. Further, Defendants failed to adequately train their managers, employees, contractors, and staff to keep its premises free from dangerous conditions, to warn customers of dangerous

conditions, to rectify dangerous conditions, and/or maintain and inspect the premises in order to prevent dangerous conditions.

18. Further, Defendants are vicariously liable for the negligent actions or omissions of any agent or employee that caused the Plaintiff GALA's injuries.

19. Further, Defendants failed to have in place adequate inspection and maintenance procedures, or if it had adequate policies, failed to follow those policies, and it was reasonably foreseeable that hazards could come develop as a result of the inadequate policies or failure to follow said policies.

20. The dangerous condition described herein caused Plaintiff GALA to suffer personal bodily injury.

21. Defendants ROE COMPANIES and DOE EMPLOYEES I-X breached a duty of care owed to the Plaintiff by spilling liquid onto the floor of a Costco store, leaving the site of the spill, and failing to warn customers of the slipping hazard.

22. Defendants ROE COMPANIES and DOE EMPLOYEES I-X had reason to know facts which could lead a reasonable person to realize that spilling liquid and then leaving the site without warning customers created an unreasonable risk of bodily harm to others and involved a high probability that substantial harm would result.

23. Defendants ROE COMPANIES and DOE EMPLOYEES I-X's actions constitute an extreme departure from the ordinary duty of care owed to everyone in our community and constitutes gross negligence.

24. Defendants ROE COMPANIES and DOE EMPLOYEES I-X's actions constitute a conscious disregard for the rights of the Plaintiff GALA, arising to the level of malice or oppression.

25. As a direct and proximate result of the aforesaid gross negligence and carelessness of Defendant's ROE COMPANIES and DOE EMPLOYEES, I-X, Plaintiff GALA was injured,

receiving injuries to the tissue, bones, and joints of her body. Plaintiff GALA thereby experienced great pain and anxiety of body and mind, sustaining damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

**WHEREFORE PLAINTIFF PRAYS AS FOLLOWS:**

1. For compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

2. For punitive damages in an amount to be determined by the trier of fact but in any event in excess of Fifteen Thousand Dollars ($15,000.00).

3. For court costs, attorney's fees, and other incidental costs to the preparation and prosecution of the instant lawsuit.

4. Other and further relief as the Court deems proper in the premises.

DATED this 9th day of February 2021.

LAW OFFICES OF JAMES J. REAM

By: /s/ James J. Ream
JAMES J. REAM, ESQ.
Nevada Bar No.: 3573
333 N. Rancho Drive, Suite #530
Las Vegas, Nevada 89106
*Attorney for Plaintiff*